1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| ERIC EVANS, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>JACOBS SOLUTIONS INC., a Delaware corporation; CH2M HILL, INC., a Florida corporation; and DOES 1-50,<br><br>              Defendants. | No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>**(from King County Superior Court, Case No. 23-2-13977-1 SEA)**<br><br>**[CLERK'S ACTION REQUIRED]** |

10
11
12
13
14
15
16
17
18

TO:       The Honorable Judges of the U.S. District Court for the Western District of Washington;

19
20

AND TO:    Eric Evans, Plaintiff;

21

AND TO:    Timothy W. Emery and Patrick B. Reddy, Emery Reddy, PLLC, Attorney for Plaintiff

22
23

PLEASE TAKE NOTICE that Defendants Jacobs Solutions Inc. and CH2M HILL, Inc. ("Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and remove the above-entitled action to this Court from the Superior Court of the State of Washington for the County of King based on the Class Action Fairness Act of 2005 ("CAFA").

24
25
26
27
28

NOTICE OF REMOVAL - 1
(Case No. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

In support thereof, Defendants assert the following:

1.      On July 28, 2023, Plaintiff Eric Evans ("Plaintiff") filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief (the "Complaint") against Defendants in the Superior Court of the State of Washington for the County of King. *See* Declaration of Peter Nohle ("Nohle Decl.") at ¶ 3 and Ex. A.  The Complaint was entitled *Eric Evans, individually and on behalf of all others similarly situated, Plaintiff vs. Jacobs Solutions Inc., a Delaware corporation; CH2M HILL, Inc., a Florida corporation; and Does 1-50, Defendants*, Case No. 23-2-13977-1 SEA, and set forth the following four causes of action against Defendants: (1) Wage Theft (Violation of RCW 49.52.050); (2) Failure to Pay All Compensation Owed (Violation of SMC 14.20.020); (3) Injunctive Relief; and (4) Declaratory Relief. *See* Nohle Decl., Ex. A.

2.      As stated therein, the Complaint is brought as a class action pursuant to Rule 23 of the Superior Court Civil Rules for the State of Washington on behalf of Plaintiff and a putative Class defined as "All Washington [Jacobs Solutions Inc.] and [CH2M HILL, Inc.] employees whose unused and accrued PTO was eliminated without adequate compensation at any time between July 27, 2020 through the resolution of this matter."  *See* Nohle Decl., Ex. A at ¶ 4.14.

3.      As stated therein, the Complaint also seeks relief on behalf of a putative Subclass defined as "All Washington [Jacobs Solutions Inc.] and [CH2M HILL, Inc.] employees whose unused and accrued PTO was eliminated without adequate compensation at any time between July 27, 2020 through the resolution of this matter. Who either worked within the city of Seattle, Washington, or who typically worked outside the city of Seattle, but performed more than two hours of work within the city during at least on pay-period." *See* Nohle Decl., Ex. A at ¶ 4.14.

4.      In addition to his Complaint, Plaintiff also filed a Case Information Cover Sheet on July 28, 2023. *See* Nohle Decl. at ¶ 5 and Ex. B. That same day, the clerk issued its Order Setting Civil Case Schedule. *See* Nohle Decl. at ¶ 6 and Ex. C.

5.      As set forth in the Declaration of Service that Plaintiff filed on August 4, 2023, Defendant CH2M HILL, Inc. ("CH2M") first received Plaintiff's Summons, Complaint, and Order

NOTICE OF REMOVAL - 2
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Setting Civil Case Schedule when it was served on August 1, 2023. *See* Nohle Decl. at ¶ 7 and Ex. D.

6.      As set forth in the Declaration of Service that Plaintiff filed on August 24, 2023, Defendant Jacobs Solutions Inc. ("Jacobs") first received Plaintiff's Summons, Complaint, and Order Setting Civil Case Schedule when it was served on August 2, 2023. *See* Nohle Decl. at ¶ 8 and Ex. E.

7.      As of the date of this Notice of Removal, the Complaint, Case Information Cover Sheet, Order Setting Civil Case Schedule, Summons to CH2M, Summons to Jacobs, Declaration of Service regarding CH2M, and Declaration of Service regarding Jacobs constitute all of the pleadings on file in the Superior Court action. *See* Nohle Decl. at ¶ 9.

**TIMELINESS OF REMOVAL**

8.      This Notice of Removal has been filed within thirty (30) days after the first Defendant was first served with a copy of Plaintiff's Summons and Complaint on August 1, 2023. *See* Nohle Decl. at ¶ 10. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.")

**NOTICE TO ALL PARTIES AND STATE COURT**

9.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

**VENUE IS PROPER**

10.     This action was filed in the Superior Court in and for the County of King at Seattle. Thus, venue of this action properly lies in the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a). Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial

NOTICE OF REMOVAL - 3
(Case No. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

district where a substantial part of the events or omissions giving rise to the claim occurred, and where, based on information and belief, the plaintiff resides. *See* Nohle Decl., Ex. A at ¶ 2.1 ("Plaintiff Eric Evans is a resident of Bellevue, King County Washington, and worked as an employee of Defendants in King County Washington.").

## **REMOVAL BASED ON CLASS ACTION FAIRNESS ACT**

11.    Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

12.    In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary Defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

13.    As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and – based on the allegations in the Complaint – the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. §§ 1332(d) and 1453. Furthermore, neither of the Defendants is a State, State official, or other governmental entity.

**A.    The Putative Class Contains More Than 100 Members.**

14.    CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

15.    Here, Defendants' records identify 275 exempt employees in the State of Washington who were affected by the practices forming the subject matter of Plaintiff's Complaint; namely, Defendants' transition from a traditional, accrual-based paid time off program to a more flexible set of new paid time off programs entitled "Personalized Paid Time Off Policy"

("PPTO"), as well as the attendant conversion of any accrued but unused paid time off under the legacy programs to restricted stock units ("RSUs"). *See* Declaration of Doug Jones ("Jones Decl.") at ¶¶ 6-8.[1]

16.    Accordingly, the numerosity requirement for jurisdiction under CAFA is easily satisfied based on the number of exempt employees falling within Plaintiff's definition of the "Class."

**B.    The Named Defendants are not Government Entities.**

17.    Defendant Jacobs is not a State, a State official, or any other governmental entity. *See* Jones Decl. at ¶ 4. Likewise, Defendant CH2M is not a State, a State official, or any other governmental entity. *See* Jones Decl. at ¶ 5.

**C.    Minimal Diversity is Satisfied Under CAFA.**

18.    The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)-(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969); *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. Sep. 10, 2015) ("[defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal.").

19.    Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

---

[1] As explained in the Declaration of Doug Jones, Jacobs Solutions Inc. does not have any direct employees in the State of Washington. However, it is the ultimate parent company of six (6) "Jacobs" legal entities which do have exempt employees in the State of Washington (inclusive of CH2M HILL, Inc.). Because Plaintiff alleges that Jacobs Solutions Inc. was his employer and "is and at all times relevant to this Complaint was, an employer as defined in the statutes listed herein," Defendants have included in their analysis relating to the number of class members and amount in controversy the exempt employees employed by all six "Jacobs" legal entities with direct employees in the State of Washington who were impacted by Defendants' implementation of the PPTO program. *See* Jones Decl. at ¶ 3; Nohle Decl., Ex. A at ¶ 2.1 ("Plaintiff . . . worked as an employee of Defendants"); *id.* at ¶ 2.2 ("Defendants [Jacobs Solutions Inc.] . . . is, and at all times relevant to this Complaint was, an employer as defined in the statutes listed herein."); *id.* at ¶ 4.4 ("Defendants employed Mr. Evans and all member of the Class and Subclass.").

NOTICE OF REMOVAL - 5
(Case No. _____)

20.     For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008). Furthermore, a person's intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.* (C.D.Cal. June 12, 2017, No. CV 17-02871-BRO (SSx)) 2017 U.S.Dist.LEXIS 90131, at *10.) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.")

21.     Defendants are informed and believe that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of Washington. *See* Nohle Decl., Ex. A at ¶ 2.1 ("Plaintiff Eric Evans is a resident of Bellevue, King County Washington, and worked as an employee of Defendants in King County Washington."). Accordingly, Plaintiff is a citizen of the State of Washington for purposes of removal under CAFA.

22.     For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

23.     With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    coordination of the company and will no longer weight corporate functions, assets, or revenues in

2    each state.

3         24.     Defendant Jacobs was, at the time Plaintiff filed the Complaint, and presently is a

4    corporation organized under the laws of the State of Delaware.  *See* Jones Decl. at ¶ 4. At all

5    relevant times, Defendant Jacobs' company headquarters, and thus its principal place of business,

6    has been in the State of Texas. *Id*. Defendant Jacobs controls its operations from its headquarters

7    in the State of Texas. *Id*. Accordingly, for purposes of removal under CAFA, Defendant Jacobs is

8    a citizen of the States of Delaware and Texas, but is not a citizen of the State of Washington.

9    Indeed, this is precisely what Plaintiff alleged in his Complaint. *See* Nohle Decl., Ex. A at ¶ 2.2

10   ("Defendant [Jacobs Solutions Inc.] is a Delaware corporation. Its principal place of business is in

11   Dallas, Texas.").

12        25.     Defendant CH2M was, at the time Plaintiff filed the Complaint, and presently is a

13   corporation organized under the laws of the State of Florida.  *See* Jones Decl. at ¶ 5. At all relevant

14   times, Defendant CH2M's company headquarters, and thus its principal place of business, has

15   been in the State of Colorado. *Id*. Defendant CH2M controls its operations from its headquarters

16   in the State of Colorado. *Id*. Accordingly, for purposes of removal under CAFA, Defendant CH2M

17   is a citizen of the States of Florida and Colorado, but is not a citizen of the State of Washington.

18   Indeed, this is precisely what Plaintiff alleged in his Complaint. *See* Nohle Decl., Ex. A at ¶ 2.3

19   ("Defendant CH2M is a Florida corporation. Its principal place of business is in Greenwood

20   Village, Colorado.").

21        26.     Given the above, minimal diversity exists under CAFA because at least one

22   member of the putative class (Plaintiff) was, at the time this action was commenced – and is still

23   believed to be – a citizen of the State of Washington, while Defendant Jacobs was – and still is –

24   a citizen of the States of Delaware and Texas and Defendant CH2M was – and still is – a citizen

25   of the States of Florida and Colorado. 28 U.S.C. § 1332(d)(2).

26

27

28

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1

2

**D.     The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading of the Allegations of the Complaint.[2]**

27.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly . . . .").

28.     In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim")). Moreover, the argument and facts set forth in the Complaint may appropriately be considered in determining whether the jurisdictional amount in controversy requirement is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

---

[2] Defendants deny each and every allegation set forth by Plaintiff in the Complaint and deny that Plaintiff or putative class members are entitled to any damages, exemplary damages, injunctive relief, declaratory relief, attorneys' fees, or any other relief.  Defendants also deny that this action can proceed as a class action.  Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

29.     Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

30.     In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000 "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554.

31.     Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100

NOTICE OF REMOVAL - 9
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  percent violation rate, or assuming that each member of the class will have experienced some type

2  of violation—when those assumptions are reasonable in light of the allegations in the complaint.");

3  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts

4  have assumed a 100% violation rate in calculating the amount in controversy when the complaint

5  does not allege a more precise calculation.").

6       32.    The gravamen of Plaintiff's Complaint is: (A) that Plaintiff and the members of the

7  putative class had accrued paid time off under a legacy policy that provided them with a right to

8  be paid the cash value of their accrued but unused paid time off upon termination of employment;[3]

9  (B) that as part of Defendants' implementation of their new PPTO programs, Defendants

10  "eliminated all Washington employees' accrued PTO balances without compensation.";[4] and (C)

11  that "PTO is a wage in Washington and Defendants must repay the value of the thousands of hours

12  they took from their workers" including "treble damages for their Seattle workers, double damages

13  for their other Washington workers, and [Plaintiff's] and the Class' reasonable attorney's fees and

14  costs incurred in prosecuting this matter."[5]

15       33.    As provided in the supporting declarations submitted herewith:

16  There were 481 exempt employees of Jacobs and CH2M in the State of Washington
    affected by the transition to the new PPTO program; 275 of whom received RSUs
17  instead of cash outs because they had legacy paid time off accrual balances above
    the minimum threshold. **The aggregate value of the accrued, but unused paid
18  time off that was converted to RSUs for these 275 exempt, Washington
    employees was $4,136,245.05**.[6]
19

20       34.    Thus, and without admitting that Plaintiff could recover any damages whatsoever,

21  a plausible reading of just the first cause of action alleged in the Complaint, which seeks twice the

22  value of the accrued, but unused paid time off that was allegedly "eliminated" as a result of the

---

[3] *See* Nohle Decl., Ex. A at ¶¶ 4.5, 4.6 ("Plaintiff and all members of the Class and Subclass are salaried employees who . . . accrued Paid-Time Off ('PTO') based on the number of hours they had worked . . . JSI's PTO policy . . . provided that all accrued but unused PTO would be paid out upon termination at a rate equivalent to the employee's base-pay rate at the time of termination.").
[4] *See* Nohle Decl., Ex. A at ¶ 4.8; *see also id.* at ¶ 4.10 ("Defendants unilaterally eliminated their employees' PTO 'savings accounts' on January 1, 2023.").
[5] *See* Nohle Decl., Ex. A at ¶ 1.1; *id.* at ¶¶ 6.3-6.6; *see also id.* at ¶¶ 6.8-6.10.
[6] *See* Jones Decl. at ¶ 8 (emphasis added).

NOTICE OF REMOVAL - 10
(Case No. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

implementation of the new PPTO program, places an aggregate amount in controversy exceeding **$8,272,490.10**, exclusive of attorneys' fees, interest, and costs (i.e., the base value of the PTO at issue, $4,136,245.05, multiplied by 2).

35.    In short, making reasonable assumptions based on the allegations in Complaint, the potential exposure on just the first cause of action well exceeds the CAFA statutory requirement of $5,000,000 in controversy.

36.    Plaintiff also seeks an unspecified amount of attorneys' fees in his Complaint, which the Court should consider and include in the amount in controversy. *See* Nohle Decl., Ex. A at ¶¶ 6.6, 6.10, 7.5; *id.* at pp. 10-11, "Prayer for Relief" at No. 7; *see also, e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fee awards in Washington wage-hour class actions can easily total several hundred thousands of dollars or more.  Moreover, the Ninth Circuit recently concluded "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("unaccrued post-removal attorneys' fees can be factored into the amount in controversy.").

37.    "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing Defendant can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for

NOTICE OF REMOVAL - 11
(Case No. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

38.    The Court should therefore also consider attorneys' fees of at least $2,068,122.53, based on the aggregate amount in controversy calculated in Paragraph 34 above. *See, e.g., Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11-13 (C.D. Cal. 2015) (finding the defendant's assumptions regarding attorneys' fees to be "reasonable" on removal where the defendant stated "Plaintiffs would recover a 25 percent fee" totaling "$1,329,245," based on "the amount in controversy before attorneys' fees" of "$5,316,978").

39.    Thus, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class treatment, it is plausible that the aggregate amount in controversy in connection with Plaintiff's putative class claims surpasses the $5,000,000 jurisdictional threshold required under CAFA based solely on the first cause of action alleging "wage theft."

40.    Based on the foregoing, Defendants hereby respectfully remove the above-captioned action from the King County Superior Court to this Court based on CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    DATED this 31st day of August, 2023.

2                                          Respectfully submitted,

3                                          JACKSON LEWIS P.C.

4

5                                          By: */s/ Peter H. Nohle*
                                               Peter H. Nohle, WSBA #35849
6                                              520 Pike Street, Suite 2300
                                               Seattle, WA 98101
7                                              Telephone:  206-405-0404
                                               Facsimile:  206-405-4450
8                                              Email: peter.nohle@jacksonlewis.com

9                                          Attorney for Defendants

10                                         JACKSON LEWIS P.C.

11

12                                         By: */s/ Daniel Crowner*
                                               Daniel Crowner, WSBA #37136
13                                             520 Pike Street, Suite 2300
                                               Seattle, WA 98101
14                                             Telephone:  206-405-0404
                                               Facsimile:  206-405-4450
15                                             Email: Daniel.Crowner@jacksonlewis.com

16

17                                         Attorney for Defendants

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL - 13
(Case No. _____)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

Timothy W. Emery WSBA #34078
Patrick B. Reddy WSBA #34092
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
           reddyp@emeryreddy.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 31st day of August, 2023.

_____
Tanya Stewart

4862-9425-9837, v. 1

NOTICE OF REMOVAL - 14
(Case No. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404